IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| EUGENE JAMES WILSON, JR., | : |
| Plaintiff | : |
| VS. | : |
| | : NO. 7:06-CV-131 (HL) |
| LOWNDES COUNTY JAIL, | : |
| | : **ORDER** |
| Defendant | : |

Plaintiff **EUGENE JAMES WILSON, JR**, an inmate at the Lowndes County Jail in Valdosta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

## *I. REQUEST TO PROCEED IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See *Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## III. STATEMENT AND ANALYSIS OF CLAIMS

Plaintiff alleges that he was brought to the Lowndes County Jail on November 2, 2006. Plaintiff states that he was placed in Cell 10, which is "nasty" and "not a place where intakes need to be housed." Specifically, plaintiff states that Cell 10 has unclean toilets and sinks, and has uneaten food and spilled milk on the floor. Plaintiff alleges that he complained to Deputy Patterson about the unclean cell and Deputy Patterson merely told him to "deal with it" and refused to give

him a grievance form.

Plaintiff states that he was finally able to file a grievance on November 3, 2006, but he has never received a response.

Plaintiff seeks to have Cell 10 cleaned and to be compensated in the amount of $2,400.00.

The Court notes that plaintiff apparently thinks he has filed this suit on behalf of not only himself; but several other inmates. Plaintiff has listed Antion Brantley, James Scott, Michael Brown, and Jason Davis as parties to this lawsuit. A litigant may invoke only his "own legal rights or interests, and cannot rest his claim to relief on the legal rights or interests of third parties." **Warth v. Seldin**, 422 U.S. 490, 499 (1975). Moreover, the Prison Litigation Reform Act requires each inmate to file separate actions and separate requests to proceed *in forma pauperis*. **Hubbard v. Haley**, 262 F.3d 1194, 1198 (11th Cir. 2001), **cert denied**, 534 U.S. 1136 (2002). In short, plaintiff cannot include other inmates in this action.

The Court also notes that plaintiff has named only the Lowndes County Jail as a defendant. The Lowndes County Jail is not a legal entity that is subject to suit under 42 U.S.C. § 1983. **Dean v. Barber**, 951 F.2d 1210, 1214 (11th Cir. 1992).

However, even if plaintiff had named the correct defendants, his action would still fail. The Constitution does not mandate comfortable prisons nor does it mandate that prisons provide every amenity that one might find desirable. **Rhodes v. Chapman**, 452 U.S. 337, 349 (1981). All that is required is that prisons be humane. **Farmer v. Brennan**, 511 U.S. 825 (1994). Prisoners must be provided with the basic necessities of life, i.e., food, clothing, shelter, and medical care. **Hudson v. McMillan**, 503 U.S. 1 (1992); **Hudson v. Palmer**, 468 U.S. 517 (1984).

To prevail on an Eighth Amendment Claim regarding the conditions of confinement, a plaintiff must demonstrate that (1) the deprivation alleged is, from an objective standpoint, "sufficiently serious"; and (2) prison officials acted with "deliberate indifference," that is, the officials knew of and disregarded an excessive risk to inmate health and safety. **Farmer**, 511 U.S. at 834. In addition, "[a] plaintiff must show that the constitutional deprivation caused his injuries."

*Marsh v. Butler County, Ala*., 268 F.3d 1014, 1028 (11th Cir. 2001).

None of plaintiff's allegations regarding the unsanitary conditions in Cell 10 are "sufficiently serious" enough to implicate the Constitution. Moreover, plaintiff has not shown that he has been physically injured in any way from the conditions in the cell.

Finally, plaintiff's allegations regarding the grievance process at the Lowndes County Jail are also frivolous. The Eleventh Circuit Court of Appeals has held that an inmate has no constitutional right to participate in grievance procedures. *See Wildberger v. Bracknell*, 869 F.2d 1467, 1467-68 (11th Cir. 1989). Therefore, a prison official's failure to provide a grievance form, process a grievance, or otherwise respond to a grievance is not actionable under 42 U.S.C. § 1983.

For these reasons, this action is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 8th day of January, 2007.

                                        **s/ Hugh Lawson**
                                        HUGH LAWSON
                                        UNITED STATES DISTRICT JUDGE

lnb